UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TEON MARIA, LLC, AS OWNER, AND DENET TOWING SERVICE, INC., AS MANAGER, OWNER *PRO HAC VICE*, AND/OR OPERATOR, OF THE *M/V TEON MARIA*, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION  NO: 10-2828  SECTION: "J" (1) |

## ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 178)** filed by Petitioner, Joel Merrick, regarding this Court's order (Rec. Doc. 172) denying Petitioner's Motion to Vacate Judgment. (Rec. Doc. 171). Having considered Petitioner's memoranda, the record, and the applicable law, the motion for reconsideration should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arose from an allision between the Teon Maria and a well jacket. Petitioner was a seaman on the Teon Maria that was employed by Denet Towing Services, Inc. ("Denet Towing"). After the allision, Petitioner alleged that he suffered a back injury as a result of the accident and filed a suit against Denet Towing. Denet Towing asserted the *McCorpen* defense, arguing that Petitioner intentionally concealed that he had been previously diagnosed with a multi-level degenerative disc disease when he applied for his position with Denet Towing. After a bench trial, the

Court found the *McCorpen* defense applied in this case and entered judgment in favor of Denet Towing.

Petitioner now seeks to vacate the Court's judgment in the case due to newly discovered evidence. Specifically, Petitioner alleges that there was a "plan to deceive or hide information and facts from the Court with threats or [coercion] of witnesses." (Rec. Doc. 171). After the Court initially denied Petitioner's motion as untimely, Petitioner filed a motion for reconsideration, in which Petitioner now alleges that Denet Towing engaged in "fraud on the court" under Rule 60(d), to which the 1-year time bar of Rule 60(c) does not apply.

As part of its findings of fact, the Court originally found testimony from Gerald Denet, owner of Denet Towing, that he was unaware of Petitioner's prior back injuries more credible than Petitioner's testimony that Gerald Denet was aware of his back injuries. (Rec. Doc. 160, at p. 267). To challenge this finding, Petitioner submits the affidavits of three witnesses, who claim that Gerald Denet was aware of Petitioner's back injury before he was hired. (Rec. Docs. 171-2, 171-3, 171-4). Petitioner alleges that these affiants did not present this testimony at trial due to a plot by Gerald Denet to commit fraud on the court. (Rec. Doc. 178, at p. 2).

## **DISCUSSION**

Petitioner's allegations fail to rise to the level of "the most egregious misconduct" necessary to implicate Rule 60(d)(3). Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the

2

judicial machinery cannot perform in the usual manner...." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Jackson v. Thaler*, 348 Fed. App'x. 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Thus, perjury typically only amounts to a fraud on the court when an attorney, the judge, or the jury was a party to it. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2870 (3d ed. 2020). Although Petitioner alleges that Gerald Denet suppressed evidence through a fraudulent scheme, Petitioner has not alleged that any attorney or judge was involved in said scheme. Accordingly, the Court finds that Petitioner's allegations, if true, do not amount to fraud on the court.

Further, "[f]raud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window provided by what is now Rule 60(c)." *Jackson*, 348 Fed. App'x. at 34-35 (quoting *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1360 (Fed. Cir. 2007) (internal quotations omitted)). The only supported allegation of some sort of scheme to suppress evidence comes in the form of an affidavit by Gregory Vaughn, in which the affiant alleges that he was told by Gerald Denet that he would be fired if he helped Petitioner. (Rec. Doc. 171-4). Neither the affidavit by Gregory Vaughn nor the motion by Petitioner suggests how or when circumstances changed since the trial, such that Gregory Vaughn may now testify on Petitioner's behalf. Thus, the Court finds that, even if a

fraud had been perpetrated upon the Court as Petitioner alleges, "the circumstances in this case would not have prevented its exposure for so long" as to make Petitioner's only recourse available through Rule 60(d)(3). *Id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 178)** is **DENIED**.

New Orleans, Louisiana, this 13th day of January, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4